IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MANDEL A. STOKER,<br><br>    Plaintiff<br><br>vs.<br><br>STEMCO, LP,<br><br>    Defendant. | § § § § § § § § § § § | NO. 2:11-CV-00214-JRG-RSP |

## MEMORANDUM OPINION AND ORDER

Before the Court are various motions filed by *pro se* Plaintiff Mandel A. Stoker ("Stoker") (Dkt. Nos. 79, 80, 81, 82, 83, 84, 90, 91). The Court discusses each motion in turn below.

### I. BACKGROUND

On April 12, 2011, Mr. Stoker filed the above-styled employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, in which Mr. Stoker contends that Defendant Stemco, LP ("Stemco") fired Mr. Stoker based upon his race as an African-American. (Dkt. No. 1.) The Court held jury selection on March 4, 2013 and conducted a jury trial from March 4, 2013 through March 6, 2013. (Dkt. Nos. 57, 58, 59, 60.) On March 6, 2013, the jury returned a verdict in favor of Stemco, finding that Stemco did not terminate Mr. Stoker because of his race. (Dkt. No. 61.) The Court entered its Final Judgment on April 15, 2013, ordering that Mr. Stoker take nothing from Stemco. (Dkt. No. 66.) Mr. Stoker was represented by counsel throughout these dates.

On April 22, 2013, Mr. Stoker's counsel filed an unopposed motion to withdraw as counsel of record for Mr. Stoker, stating that Mr. Stoker and his counsel agreed that Mr. Stoker would pursue an appeal on his own behalf unrepresented by counsel. (Dkt. No. 67.) Stemco filed an

Agreed Motion to Tax Costs on April 29, 2013, stating that Mr. Stoker's counsel agreed with the costs submitted but that, because the motion to withdraw was pending, Mr. Stoker "may or may not" oppose the costs in a supplemental filing. (Dkt. No. 68.)

On May 8, 2013, Mr. Stoker filed a notice of appeal, which reads in whole:

> I, plaintiff, Mandel Stoker is filing for a motion of notice to appeal the all white jury that was put on my trial in the race discrimination case against STENCO LP, on May 4, 5, and the six of 2013. The name calling by the Stemco lawyer in her closing argument when she constantly call me man and pointing at me with her hands on her hips. Stemco officials were allowed to contradict themselves and commit perjury while they were under oath. All these things were allowed by Judge Rodney Gilstrap and these are some of the reason I am appealing the verdict that was rendered by the all white jury on the six of March which consisted of 0% of my peers. I am appealing Judge Gilstrap.

(Dkt. No. 69.) The Court granted the motion to withdraw on May 9, 2013 (Dkt. No. 72), granted the motion for costs on May 17, 2013 (Dkt. No. 77), and amended its final judgment on May 17, 2013 to tax costs to Mr. Stoker (Dkt. No. 78). Mr. Stoker subsequently filed the motions presently before the Court.

**II. APPLICABLE LAW**

The Court must construe each of Mr. Stoker's motions liberally because he is proceeding *pro se*. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) ("[W]e liberally construe the pleadings of those who proceed pro se.").

"[T]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982). However, "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in [Federal Rule of Appellate Procedure] 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed.

2

R. App. P. 4(a)(4)(B)(i). The Fifth Circuit has ruled that "the timely filing of a motion listed in Rule 4(a)(4)(A) suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court . . . regardless of whether the motion was filed before or after the notice of appeal." *Ross v. Marshall*, 426 F.3d 745, 751-52 (5th Cir. 2005) (citations omitted).

After a party files a notice of appeal, a district court also retains jurisdiction to take action in aid of the appeal. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407-08 n.3 (5th Cir. 1994) (stating that, "[g]enerally, when an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a)"). Further, motions that are "collateral to the merits [of an appeal do] not divest the district court of jurisdiction." *Kira Inc. v. All Star Maint., Inc.*, 294 Fed. Appx. 139, 141 (5th Cir. 2008) (citing *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524-25 (5th Cir. 2002)).

### III. DISCUSSION

  *a. Motion on Costs, filed May 29, 2013 (Dkt. Nos. 79, 80)*

Mr. Stoker asks the Court to "give [him] a chance to file a motion against" Stemco's Agreed Motion to Tax Costs. Stemco filed its motion on April 29, 2013, asking this Court to tax costs against Mr. Stoker. (*See* Dkt. No. 68.) The Court granted Stemco's motion on May 17, 2013. (Dkt. No. 77.) Accordingly, the Court liberally construes Mr. Stoker's present motions[1] either as a motion for reconsideration of this Court's order granting Stemco's motion to tax costs or as a motion for leave to file an out-of-time response.

The Court first finds that it has jurisdiction to consider Mr. Stoker's motion because the issue of costs is collateral to the merits of Mr. Stoker's appeal. *See, e.g.*, *Buchanan v. Stanships,*

---

[1] The motions entered at Docket Numbers 79 and 80 are identical.

*Inc.*, 485 U.S. 265, 268-69, 108 S. Ct. 1130, 99 L. Ed. 2d 289 (1988); *Kira, Inc. v. All Star Maint., Inc.*, 294 Fed. Appx. 139, 140-41 (5th Cir. 2008) (defendant's motion for costs and attorney's fees "did not divest the district court of jurisdiction because defendants' fee motion constituted a collateral matter that was unrelated to the appeal's underlying claims"). The Court next turns to the merits of the motion.

In support of his motion, Mr. Stoker argues that he had never agreed to Stemco's motion to tax costs and that his former counsel, who had agreed to such costs, was not representing Mr. Stoker at the time of that agreement. The Court, however, did not rely upon any agreement by Mr. Stoker or Mr. Stoker's former counsel as a basis for granting Stemco's motion to tax costs. Rather, Mr. Stoker's former counsel indicated, as the Court noted in its Order, that Mr. Stoker "may or may not" oppose the motion for costs in a supplemental filing. (Dkt. No. 77 at 1.) Mr. Stoker did not file an opposition. After the time for filing a response had passed, the Court was compelled to assume that Mr. Stoker had no opposition to Stemco's motion for costs. (*Id.* (citing Local Rule CV-7(d)).) The Court then considered Stemco's unopposed motion and found it meritorious. In light of the unanimous defense verdict returned by the jury an award of costs against the Plaintiff is not only proper but usual in such circumstances. Mr. Stoker was ordered to pay costs as typically occurs when a party is defeated at trial. Mr. Stoker has failed to give the Court any reason upon which to treat him differently than any other party who loses at trial. In the present motion, Mr. Stoker also does not offer any reason for his failure to file a timely response. Accordingly, the Court finds that Mr. Stoker's motion for reconsideration or for leave to file a response (Dkt. Nos. 79, 80) should be and is hereby **DENIED**.

> b. *Motion for List of Names Summoned for Jury Service, filed June 14, 2013 (Dkt. No. 81)*

Mr. Stoker moves the Court to produce a list naming each individual sent a juror summons in the above-styled case. The Court liberally construes this motion as a motion for discovery on the contents of the records used by the clerk in connection with the jury selection process. Mr. Stoker's motion, however, does not state whether he moves pursuant to the Jury Selection and Service Act, 28 U.S.C. § 1861 et seq. ("the Act"), or a constitutional challenge under the Fifth and Fourteenth Amendments. A fair reading of the motions presently before the Court suggests that Mr. Stoker is appealing the jury selection process in this particular case pursuant to the Act. However, as the Court must construe Mr. Stoker's pleading liberally and because Mr. Stoker has not expressly limited his appeal to the Act, the Court finds that Mr. Stoker's appeal has sufficient constitutional implications to treat it as such. Accordingly, the Court construes Mr. Stoker's present motion as a motion for discovery in support of both a statutory and constitutional challenge to the jury selection process.

The Court finds that it retains jurisdiction to consider the present motion because it aids in the appeal. Deciding the motion will not alter the status of the case on appeal, but promote efficiency by considering the discovery necessary for Mr. Stoker to file his appeal. *See* The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed, 143 F.R.D. 307, 322 (1992).

To the extent Mr. Stoker seeks discovery pursuant to the Act, Mr. Stoker's motion must be denied because he did not properly raise a statutory challenge to the jury selection process. The Court notes that Mr. Stoker had been represented by counsel from the inception of his case through final judgment. At no time prior to Mr. Stoker's notice of appeal, however, did Mr. Stoker or his counsel object to the jury selection process, the summoned venire panel, or the seated jury.

5

Accordingly, any discovery pursuant to the Act may not be permitted. *See* 28 U.S.C. § 1867(c) ("In civil cases, before the voir dire examination begins, or within seven days after the party discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, any party may move to stay the proceedings on the ground of substantial failure to comply with the provisions of this title in selecting the petit jury."); 28 U.S.C. § 1867(f) ("The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section . . . ."); *United States v. Kennedy*, 548 F.2d 608, 613 (5th Cir. 1977) ("Absent some indication from particular circumstances that counsel could not reasonably have been expected to comply with the procedural prerequisites to a statutory challenge to the jury, the claim under the Act will be forfeited by noncompliance.").

By its terms, however, 28 U.S.C. § 1867 only applies to challenges under the Act. As Mr. Stoker's motion also is treated as having constitutional implications, section 1867 does not bar discovery related to his jury challenge. *See, e.g.*, *United States v. De Alba-Conrado*, 481 F.2d 1266, 1270 n.5 (5th Cir. 1973). Accordingly, the Court finds that Mr. Stoker's motion for discovery on the contents of the records used by the clerk in connection with the jury selection process should be and is hereby **GRANTED** within the scope set forth herein.

The Clerk of the Court is **ORDERED** to prepare and make available to Mr. Stoker a report containing the name, residential address, and non-work related telephone number of each individual sent a juror summons in the above-styled case. Such list shall be made available for Mr. Stoker to inspect, reproduce, and copy at the Clerk's office in Marshall, Texas, within but not after 14 days from the date of this Order. Reasonable copies of such information as provided for

herein, if requested, shall be made and supplied at no cost to Mr. Stoker. Additionally, at the time the Court excused the jurors, the Court instructed the jurors that they were free to discuss or not to discuss the case with anybody. (Dkt. No. 89, 3/6/2013 Tr. at 61:2-24.) This instruction remains in effect. No juror is under any obligation to discuss the case with Mr. Stoker or anyone else; each individual juror may decide to respond or not to respond to any contact from or on behalf of Mr. Stoker as they alone deem proper. Any other requests for information contained within this motion but not expressly granted herein are **DENIED**.

> c. *Motion to Investigate the Jurors, filed June 19, 2013 (Dkt. No. 82) and July 11, 2013 (Dkt. No. 91)*

Mr. Stoker moves the Court "to give those that were on the jury a chance to confess to discussing the demonstrative that Jeff Patty and Kim Mires presented to them while the trial was in session." (Dkt. No. 82.) The Court construes Mr. Stoker's motion as a motion for leave to conduct post-verdict discovery. The information sought, however, would not merely aid in Mr. Stoker's appeal but alter the nature of the case on appeal by adding new material not previously before the Court. Accordingly, the Court finds that Mr. Stoker's filing of a notice of appeal divested the Court of jurisdiction to consider the present motion. Without jurisdiction the Court cannot act and such is dismissed for want of jurisdiction.

Even if this Court had retained jurisdiction to consider Mr. Stoker's motion, the Court finds that the motion fails on the merits. By the present motion, Mr. Stoker specifically seeks testimony regarding the effect on the jury of a demonstrative (or jury-aid) used before the jury at trial—i.e. whether the jury discussed the demonstrative and the content of any such discussion. Federal Rule of Evidence 606(b), however, flatly prohibits the admission of juror testimony to impeach a jury verdict:

> During an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations;

7

> the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment.

Fed. R. Evid. 606(b)(1). While a juror may testify as to whether "extraneous prejudicial information was improperly brought to the jury's attention" or whether "an outside influence was improperly brought to bear on any juror," the Court disagrees with Mr. Stoker that the demonstrative was an outside influence simply because counsel created it outside the courtroom. Rather, the demonstrative at issue here was neither extraneous nor an outside influence because it was presented to the jury during normal courtroom proceedings. *See, e.g.*, *United States v. Jackson*, 549 F.3d 963, 984 (5th Cir. 2008). Accordingly, the Court finds that Mr. Stoker's motion to investigate the jurors (Dkt. No. 82) should be and is hereby **DENIED** for want of jurisdiction.

Over three weeks after filing the original motion, Mr. Stoker re-filed the same motion and added a request for a hearing. The Court having ruled on the merits of Mr. Stoker's motion finds that Mr. Stoker's request for a hearing should be and is hereby **DENIED AS MOOT**.

> *d. Motion to Demand Demonstrative, filed June 20, 2013 (Dkt. No. 83)*

Mr. Stoker moves the Court "to demand the demonstrative that was created by STEMCO" and, if Stemco does not produce the demonstrative, for a new trial. The Court liberally construes Mr. Stoker's motion as a motion to correct or modify the record and, in the alternative, as a motion for a new trial under Federal Rule of Civil Procedure 59. The Court finds that it retains jurisdiction to modify or correct the record under Federal Rule of Appellate Procedure 10(e). The Court further finds that it has jurisdiction to consider Mr. Stoker's alternative request for a new trial because such motion may suspend the notice of appeal. Fed. R. App. P. 4(a)(4)(B); *Ross*, 426 F.3d at 751-52.

Federal Rule of Appellate Procedure 10(e) allows the district court to correct and supplement the record "[i]f anything material to either party is omitted from or misstated in the record by error or accident." The demonstrative at issue here, however, was not omitted from the record by error or accident. Rather, the Court instructed the parties that demonstratives are "jury aids only"; they are "not exhibits" and "not evidence." (Dkt. No. 85, 3/1/13 Pre-Trial Tr. at 9:11-20.) By definition, demonstratives are never a part of the record. Accordingly, the Court finds that Mr. Stoker's motion to correct or modify the record should be and is hereby **DENIED**.

The Court further finds that Mr. Stoker's alternative request for a new trial is untimely. Rule 59 requires Mr. Stoker to file a motion for a new trial "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). Here, the Court entered its Amended Final Judgment on May 17, 2013 (Dkt. No. 78), and Mr. Stoker filed the present request for a new trial on June 20, 2013 (Dkt. No. 83), well over 28 days after the Court entered its Amended Final Judgment. Accordingly, Mr. Stoker's request for a new trial should be and is hereby **DENIED**.

> e. *Motion for Court Statement, filed June 24, 2013 (Dkt. No. 84) and July 11, 2013 (Dkt. No. 90)*

Mr. Stoker moves the Court to "expose Stemco demonstrative contents which was a direct violation of the pre-trial order from Judge Payne" and for "a court document in writing stating that Judge Gilstrap, Kimberly Miers and Jeff Patty have been reprimanded for their part in [presenting the demonstrative to the jury]." (Dkt. No. 84.) Mr. Stoker later filed the exact same motion over two weeks later. (Dkt. No. 90.) Under even the most creative and liberal construction the Court cannot reasonably discern any legally cognizable relief requested by this motion. Accordingly, the Court finds that Mr. Stoker's motion for a statement (Dkt. Nos. 84, 90) should be and is hereby **DENIED**.

## IV. ADDITIONAL POST-JUDGMENT CONDUCT OF STOKER

The Court is personally aware that since the entry of its final judgment in favor of the defendant, Mr. Stoker has repeatedly and excessively called and communicated with the Court staff. Much of the excessive frequency of his contacts can in large part be attributed to his *pro se* posture and the lack of competent counsel to guide him. However, Mr. Stoker consciously chose to release his counsel and act *pro se*. As such, he cannot be treated preferably to those parties who do retain counsel. In some manner unknown to the Court, Mr. Stoker has obtained the personal cell phone numbers for Ms. Susan Simmons and Ms. Shelly Holmes, both of whom served as court reporters during his trial. He has called them both repetitively on their cell phones outside of established working hours. It is **ORDERED** that Mr. Stoker communicate with such court reporters, the clerk's office, and any other employee of the U.S. District Court sitting in Marshall, Texas, only by use of the published (public phone book) phone numbers for the U.S. Courthouse in Marshall, Texas. Mr. Stoker shall not contact any court personnel by use of any cell phone numbers. He shall contact and communicate with court personnel only between 8:00 a.m. and 5:00 p.m. on Monday through Friday of any week (excluding any Federal holidays). This Order shall serve to conform Mr. Stoker's conduct with the court personnel to that of conduct undertaken by all other litigants (with or without counsel) before the Court.

## V. CONCLUSION

For the reasons stated herein, the Court hereby **DENIES** Stoker's Motion on Costs (Dkt. Nos. 79, 80), **GRANTS** Stoker's Motion for List of Names Summoned for Jury Service (Dkt. No. 81), **DENIES** Stoker's Motion to Investigate the Jurors (Dkt. No. 82), **DENIES** Stoker's Motion to Demand Demonstrative (Dkt. No. 83), and **DENIES** Stoker's Motion for Court Statement (Dkt. No. 84).

**So ORDERED and SIGNED this 16th day of July, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE