FILED-CLERK
U.S. DISTRICT COURT
2014 JUL 14 AM 11: 13
TX EASTERN-MARSHALL
BY_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
June 11, 2014
Lyle W. Cayce
Clerk

No. 13-40540
Summary Calendar

D.C. Docket No. 2:11-CV-214

MANDEL A. STOKER,

    Plaintiff - Appellant

v.

STEMCO, L.P.,

    Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Texas, Marshall

Before KING, DAVIS, and ELROD, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE: 0 3 JUL 2014

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit
By: _____
    Deputy
    0 3 JUL 2014

New Orleans, Louisiana

FILED-CLERK
2014 JUL 14
TX EASTERN-MARSHALL
BY

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
June 11, 2014
Lyle W. Cayce
Clerk

No. 13-40540
Summary Calendar

MANDEL A. STOKER,

                                                 Plaintiff – Appellant,

v.

STEMCO, L.P.,

                                                 Defendant – Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:11-CV-214

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

    Mandel Stoker appeals a district court judgment in favor of his former employer, Stemco, LP (Stemco) after a jury verdict for Stemco in a Title VII racial discrimination case. Stoker argues that the district court plainly erred when it admitted a demonstrative exhibit during opening statements, and that there is insufficient evidence to support the jury verdict. Because the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40540

court did not plainly err in admitting the exhibit and there is sufficient evidence to support the jury verdict, we AFFIRM.

I.

Stoker, an African–American male, worked at Stemco for five years in the hubcap and rubber molding departments. On what turned out to be his final day of employment, Stoker refused to clean his machine as instructed by his Team Lead and insisted that he see his supervisor.[1] After meeting with his Team Lead and supervisor, Stoker returned to the production floor and yelled to his Team Lead: "I want you to go on; I'm tired of you F–ing with me!" Stemco then terminated Stoker for "insubordination." Stoker brought this lawsuit against Stemco, alleging that he was terminated because of his race in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

At trial, Stoker, who was represented by counsel, testified that he was called a "lazy n-----" and "boy" by one of the supervisors involved in the decision to terminate Stoker. Stoker also testified that he was recognized as a "top producer" and received awards and recognitions, including a Chick–Fil–A card.

Stemco produced eight witnesses, including Johnny King, a 40-year Stemco employee and African-American. King was involved in Stoker's discipline for five to six years. King testified that Stoker was a troublesome employee with an "excessive" disciplinary history and a problem with authority. King also testified that Stoker's supervisors were fair and did not treat Stoker differently because of his race.

Stemco also produced documentation of at least nine different occasions where Stoker was formally disciplined by seven separate supervisors and three Human Resources representatives, including three African-Americans. He

---

[1] We must draw all reasonable inferences in the light most favorable to the verdict. *EEOC v. Boh Bros. Constr. Co., L.L.C.*, 731 F.3d 444, 452 (5th Cir. 2013) (en banc).

2

No. 13-40540

was reprimanded for making over 500 sub-standard parts, refusing to follow supervisor instructions, verbally abusing co-workers and supervisors, and threatening and intimidating a supervisor. Witnesses also testified that Stoker was suspended for three days for violating Stemco's safety policies and a supervisor's instructions after refusing to leave a building during a fire alarm. On a separate occasion, Stoker refused to re-enter his workplace after a fire alarm at 2:35 a.m. because he did not personally hear from a specific Human Resources manager who was home sleeping at the time.

The jury returned a verdict in favor of Stemco, and the district court entered final judgment. Stoker later filed multiple post-judgment motions, which the district court denied. Stoker, acting *pro se*, filed a timely appeal.

II.

Stoker makes two arguments on appeal: the district court plainly erred by admitting a demonstrative exhibit during opening statements in violation of Federal Rule of Evidence 1006 and that there was insufficient evidence to support the verdict. The parties agree that both issues are reviewed under plain error because Stoker did not object to the demonstrative exhibit at trial or file a Rule 50(a) motion at the close of the evidence. *See Boh Bros.*, 731 F.3d at 452; *United States ex rel. Wallace v. Flintco, Inc.*, 143 F.3d 955, 963–64 (5th Cir. 1998).

Under plain error review, Stoker must show: (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). After this showing, we have discretion to remedy the error (4) "only if the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Escalante–Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc). Under plain error review, "[i]f *any* evidence supports the jury verdict, the verdict will be upheld." *Flintco, Inc.*, 143 F.3d at 964 (citing *Polanco v. City of Austin*, 78 F.3d 968, 974 (5th Cir. 1996)). Also,

3

No. 13-40540

the "jury is free is choose between reasonable constructions of the evidence." *United States v. Ramos–Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008).

Turning to Stoker's first argument, Stemco's use of a demonstrative exhibit during opening statement was not plain error requiring reversal. Initially, we observe that, contrary to Stoker's argument, Federal Rule of Evidence 1006 does not apply because Rule 1006 does not bar a demonstrative exhibit where the underlying documents are admitted into evidence.[2] *See* Fed. R. Evid. 1006. Stemco created a chart summarizing nine previous disciplinary actions against Stoker and submitted it to Stoker's counsel before trial. In a pre-trial hearing, the district court instructed the parties that Stemco's chart was a demonstrative exhibit—merely a "jury aid" and not evidence—and that any objections must be taken up before presentation to the jury. Stoker did not object to the demonstrative exhibit. Before allowing the jury to view the demonstrative exhibit, the district court explained that the chart was not evidence, would not be allowed in the jury room, and merely summarized documents that would be later admitted as evidence. The district court has wide latitude to allow counsel to use a demonstrative exhibit that was later supported by evidence and not objected to and when the district court properly gave a limiting instruction. There was no error, plain or otherwise.

Turning to Stoker's second argument, there is more than sufficient evidence to support the verdict. *See Flintco, Inc.*, 143 F.3d at 964 ("[i]f *any* evidence supports the jury verdict, the verdict will be upheld."). While Stoker testified that he had been terminated as a result of racial discrimination, the jury was free to choose to believe Stemco's extensive evidence that Stoker was

---

[2] Federal Rule of Evidence 1006 allows litigants to "use a . . . chart . . . to prove the content of voluminous writings . . . that cannot be conveniently examined in court."

4

No. 13-40540

terminated for insubordination. *See Ramos–Cardenas*, 524 F.3d at 605 ("the jury is free is choose between reasonable constructions of the evidence.").

AFFIRMED.